716 S.E.2d 894

**In the Matter of Sidney J. JONES, Respondent.**

Supreme Court of South Carolina.

Sept. 30, 2011.

## ORDER

On September 28, 2011, respondent was arrested and charged with influencing/threatening a witness, possession of marijuana with intent to distribute, and going inside a guard line with weapon/liquor/drugs, all in violation of the laws of the State of Georgia. The Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR, and requesting the Court appoint an attorney to protect

respondent's clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of the Court.

IT IS FURTHER ORDERED that Paul Andrew Anderson, Esquire, is hereby appointed as attorney to protect respondent's South Carolina clients' interests. Mr. Anderson shall take action as required by Rule 31, RLDE, Rule 413, SCACR, and as provided by this order, to protect the interests of respondent's South Carolina clients.

Upon demand, respondent shall deliver all active client files which have any nexus in South Carolina to Paul Andrew Anderson, Esquire. "Nexus" shall include, but shall not be limited to, any files involving cases pending in any South Carolina local, state, or federal court or which, if filed, would be filed in any of those courts; property, real or personal, situated in South Carolina; any agreements which shall take effect predominately in South Carolina; and any other file in which substantial part of the matter is carried out in South Carolina.

Respondent is ordered to segregate his law office trust and/or escrow account(s) and forward all funds which have a South Carolina nexus to Paul Andrew Anderson, Esquire. Mr. Anderson shall deposit these funds in a separate account and he may make disbursements from the account which are necessary to effectuate this appointment. In addition, respondent shall forward all property belonging to clients and/or related to client matters, bank statements, cancelled checks, disbursement schedules, trust account records, and the like which have a nexus in this state to Mr. Anderson.

Respondent shall promptly forward all mail related to the above matters to Paul Andrew Anderson, Esquire.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

IT IS SO ORDERED.

/s/ Jean H. Toal C.J.
FOR THE COURT